**FILED IN CHAMBERS**
**U.S.D.C ATLANTA**

Date: Jan 30 2025

**KEVIN P. WEIMER** , Clerk

By: _____

Kari Butler

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL GOIA,

    Plaintiff pro se,

  v.

METROCITY BANK, et al.,

    Defendants.

CIVIL ACTION FILE NO.

1:24-CV-4402-ELR-WEJ

## ORDER
## FINAL REPORT AND RECOMMENDATION

On September 30, 2024, plaintiff pro se, Daniel Goia, paid the $405 civil filing fee and filed a Complaint [1] alleging a laundry list of state and federal law claims against defendants, Metrocity Bank, Lisa Chung, Katie Park, Tieyeka Williams, and David Muteteke.[1]  This matter is before the Court on defendants' Motion to Dismiss and Motion to Strike Plaintiff's Answer [12].  For the reasons set forth below, the undersigned **DENIES AS MOOT** defendants' Motion to Strike

---

[1] In their Motion to Dismiss [7], defendants provide their correct legal names. For ease of reference and given the early stage of litigation, the Court refers to defendants as set forth in the Complaint.  (Mot. Dismiss [7] 1 & n.1-2.)

and **RECOMMENDS** that their Motion to Dismiss be **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(5) and that the Complaint be **DISMISSED WITHOUT PREJUDICE**.

I.    <u>**THE COMPLAINT AND ATTEMPTED SERVICE**</u>

The Complaint is a short two paragraph pleading alleging as follows:

> COMES NOW Plaintiff Daniel Goia and hereby files this Complaint against above named Defendants for breach of contract, discrimination, theft of funds, felony theft and wire fraud, harassment, intentional infliction of emotional distress and stress related illness, FCRA violations, FDCPA violations, libel, tax evasion and tax fraud involving my account, conspiracy to commit fraud, conspiracy to commit theft, and gross negligence regarding customer's data.
>
> Almost from beginning of the contract, the bank and its employees breached the contract and showed bad faith in everything, continuing to call hundreds of times despite me telling them to stop, taking the harassment to the level of psychological warfare (terrorism) in order to drive me to despair and accept their dirty deeds.

(Compl. at 1.)

Defendants have filed affidavits declaring that, upon filing the Complaint, plaintiff sent a copy of his pleading and the summons by certified mail to each of them.  (Mohdnor Aff. [7-2] ¶¶ 1-6; Chung Aff. [7-3] ¶¶ 1-6; Park Aff. [7-4] ¶¶ 1-6; Muteteke Aff. [7-5] ¶¶ 1-6; Williams Aff. [7-6] ¶¶ 1-6.)  Abdul Mohdnor, Executive Vice President and Chief Compliance Officer of Metrocity Bank, avers that neither it nor its registered agent were personally served and plaintiff never

2

requested that it waive service of process. (Mohdnor Aff. ¶¶ 1-6.) The individual defendants filed affidavits asserting the same lack of personal service or request to waive service. (Chung Aff. [7-3] ¶¶ 1-6; Park Aff. [7-4] ¶¶ 1-6; Muteteke Aff. [7-5] ¶¶ 1-6; Williams Aff. [7-6] ¶¶ 1-6.)

## II.    PROCEDURAL BACKGROUND

On September 30, 2024, the Clerk of Court issued a Summons for each defendant [2 through 6]. However, plaintiff failed to return the associated proof of service forms.

On October 21, 2024, defendants filed the instant Motion to Dismiss, seeking dismissal under Federal Rules of Civil Procedure 8(a)(2), 9(b), 10(b), 12(b)(2), -(5), and -(6), and 41(b). (See generally Mot. Dismiss.) On that same day, defendants also filed a Special Answer and Appearance [8], seeking to specially appear without conceding their argument that the Court did not have personal jurisdiction over them because plaintiff failed to serve them properly.

On November 12, 2024, the Court issued an Order to Show Cause [10], admonishing plaintiff that his failure to file a timely response to the pending Motion to Dismiss could result in a recommendation that this case be dismissed and directing him to show cause why that Motion should not be granted.

3

On November 12, 2024, Mr. Goia filed "Plaintiff's Answer to Defendants' Special Answer" [11], responding to specific defenses alleged in defendants' pleading.

On November 26, 2024, defendants filed their Motion to Strike Plaintiff's Answer [12] as impermissible pursuant to Rules 7, 12(f), and 15, and arguing that plaintiff's filing could not be used to amend his claims.  In an abundance of caution, defendants also filed a Reply to Plaintiff's Answer [13] in the event the Court construed it as a response to their Motion to Dismiss.

On December 2, 2024, plaintiff responded to the Court's show cause order, arguing that "Defendants' Motion to Dismiss should not be granted as **Defendants' answer and Motion to Dismiss are premediated fraud upon the Court and perjuries**."  (Pl.'s Answer to the Court Order [14] 1.)  Plaintiff again took issue with specific defenses in defendants' Special Answer and alleged facts regarding his claims.  (Id. at 2-3.)  However, plaintiff failed to address the substantive arguments set forth in defendants' Motion to Dismiss.

The pending motions are now ripe for resolution.  Because it is dispositive, the undersigned addresses defendants' Motion to Dismiss first.

### III.   DEFENDANTS' MOTION TO DISMISS

Defendants challenge the propriety of the Complaint under Rules 8(a)(2)—governing general rules of pleading; 9(b)—governing the pleading of special matters; 10(b)—governing the form of pleadings 12(b)(2), -(5), and -(6)—governing affirmative defenses; and 41(b)—governing the dismissal of actions. (See generally Mot. Dismiss.)  Because plaintiff has failed to file proof of service upon defendants and declined to respond to their arguments regarding insufficient service of process, the undersigned first addresses defendants' arguments regarding lack of jurisdiction.

### A.   Dismissal is Warranted under Rule 12(b)(5)[2]

"Service of process is a jurisdictional requirement:  a court lacks jurisdiction over the person of a defendant when that defendant has not been served."  Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Likewise, an individual "'is not obliged to engage in litigation unless [officially] notified of the

---

[2] Defendants also cite to Rule 12(b)(2), alleging lack of personal jurisdiction. While a party (usually a non-resident) may move for dismissal for lack of personal jurisdiction, defendants' Motion to Dismiss actually focuses on insufficient service of process under Rule 12(b)(5) and simply links that argument with lack of personal jurisdiction.  Because defendants do not argue separately for dismissal under Rule 12(b)(2), the Court need not address whether dismissal is also appropriate under that affirmative defense.

action . . . under a court's authority, by formal process.'" Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 925 (11th Cir. 2003) (quoting Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347 (1999) (affirming grant of motion to dismiss for insufficient service of process)).

Under Rule 12(b)(5), a defendant may bring a motion to dismiss for insufficient service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1353 (4th ed.). A defendant challenging the sufficiency of service has the burden of showing that the service was improper. Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997). The challenge "must specifically describe the defect under Rule 4." T-12 Entm't, LLC v. Young Kings Enters., Inc., 36 F. Supp. 3d 1380, 1391 (N.D. Ga. 2014).

Once the defendant carries that initial burden, the burden shifts to the plaintiff to establish the validity of the service on the defendant. "If the plaintiff can establish that service was proper, then the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Auto-Owners Ins. Co. v. Smith, No. 1:18-cv-05737-SCJ, 2019 WL 5701294, at *1 (N.D. Ga. Apr. 9, 2019) (internal quotation marks and citation omitted).

Here, the Court must determine if plaintiff perfected service upon Metrocity Bank and the individual defendants.  If he failed to do so, the Court does not have jurisdiction over those defendants and can proceed no further in this case.

### 1.      Insufficient Service of Process Upon Metrocity Bank

With regard to corporate defendant Metrocity Bank, the Court must determine whether plaintiff served it in accordance with Rule 4(h), which states in relevant part:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or [3]

---

[3] Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  Notably, "[t]here is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail."  KMM Indus., Inc. v. Prof. Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. Ct. App. 1982).  Rather, O.C.G.A. § 14-2-504(b) "requires a plaintiff to use reasonable or due diligence in serving the registered agent of the corporation before resorting to service by registered mail, certified mail, or overnight delivery."  B&B Quick Lube, Inc. v. G&K Servs. Co., 641 S.E.2d 198, 300 (Ga. Ct. App. 2007), overruled on other grounds by Giles v. State Farm Mut. Ins. Co., 765 S.E.2d 413 (Ga. Ct. App. 2014).

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h)(1)(A)-(B).

Here, defendant Metrocity Bank has met its burden via Mr. Mohdnor's affidavit of showing that plaintiff's attempt to serve it via certified mail was improper and therefore ineffective to confer jurisdiction.  As Metrocity Bank correctly observes, plaintiff has failed to file a waiver of service or proof of service against it and has proffered no argument or evidence of reasonable or due diligence in attempting to locate its registered agent.  Thus, there is no evidence that plaintiff was authorized to serve Metrocity Bank via certified mail and he has wholly failed to establish perfected service upon it.  Moreover, despite notice of insufficient service of process via defendants' Motion to Dismiss to which the Court ordered plaintiff to respond, plaintiff has failed to take steps to correct his omission or provide the Court with an explanation for lack of service.  Therefore, the undersigned **REPORTS** that the Court does not have jurisdiction over Metrocity Bank.  Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and Metrocity Bank be **DISMISSED** pursuant to Rule 12(b)(5).

## 2.    Insufficient Service of Process Upon Individual Defendants

Because defendants Chung, Park, Williams, and Muteteke are individuals,

the Court must determine whether plaintiff served them in accordance with Rule

4(e), which states in relevant part that:

> an individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[4] or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2)(A)-(C).

---

[4] Georgia law permits service upon an individual defendant by personal service or by leaving copies of the summons and complaint at his or her home with a person of suitable age and discretion who resides there, or by delivering the same to an authorized agent.  See O.C.G.A. § 9-11-4(e)(7).

As with Metrocity Bank, the individual defendants have met their burden via affidavit of showing that plaintiff's attempts to serve them via certified mail were improper and therefore ineffective to confer jurisdiction.  Again, plaintiff failed to file waivers of service completed by those defendants or any proof of service against them.  Rather, plaintiff has wholly failed to establish perfected service upon the individual defendants.  Moreover, despite notice of insufficient service of process via the instant Motion to Dismiss, plaintiff failed to take corrective steps or provide the Court with an explanation for lack of service.  Therefore, the undersigned **REPORTS** that the Court does not have jurisdiction over the individual defendants.  Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and defendants Chung, Park, Williams, and Muteteke be **DISMISSED** pursuant to Rule 12(b)(5).

## IV.    DEFENDANTS' ADDITIONAL ARGUMENTS AND MOTION

Because the Court lacks jurisdiction over defendants, it cannot reach their arguments that the Complaint is also due to be dismissed pursuant to Rules 8(a)(2), 9(b), 10(b), 12(b)(6), and 41(b).  See Jackson v. Warden, FCC Coleman-USP, 259 F. App'x 181, 183 (11th Cir. 2007) (per curiam) (because the plaintiff failed to properly serve the defendant, "[i]t was . . . improper for the district court to have

reached the merits in this case and to have issued a dismissal with prejudice"). Likewise, defendants' Motion to Strike Plaintiff's Answer is **DENIED AS MOOT**.

## V.    CONCLUSION

For the reasons set forth above, the undesigned **RECOMMENDS** that defendants' Motion to Dismiss [7] be **GRANTED** pursuant to Rule 12(b)(5) for insufficient service of process and that the Complaint be **DISMISSED WITHOUT PREJUDICE**. Under the circumstances, defendants' Motion to Strike Plaintiff's Answer [12] is **DENIED AS MOOT**.[5]

The Clerk is **DIRECTED** to **TERMINATE** the referral to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 30th day of January, 2025.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Should the Court decline to accept this Final Report and Recommendation, defendants may renew their Motion to Strike.

11